# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JARED MARSHALL LEWIS**, | ) |
| Petitioner, | ) Case No. 7:07CV00514 |
| v. | ) **OPINION** |
| **UNITED STATES OF AMERICA,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

*Jared Marshall Lewis, Pro Se Petitioner.*

Jared Marshall Lewis, a federal inmate proceeding pro se, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). I find that the motion is untimely and will accordingly dismiss it.

I

Lewis pleaded guilty pursuant to a written plea agreement on May 17, 2004, to two charges of possession of child pornography. On February 7, 2005, Lewis was sentenced to a total term of 120 months imprisonment, the final judgment being entered on February 11, 2005.[1] The present motion under § 2255 and its cover letter

---

[1] There were actually two separate cases involved in Lewis' sentencing, Case No. 3:03CR00110 and Case No. 3:04CR00036. He received a sentence of 108 months in the former case and twelve months in the latter case, the terms to run consecutively.

from Lewis are dated February 6, 2006. However, this court did not receive the documents until October 26, 2007. In the motion, Lewis contends that his counsel provided ineffective assistance of counsel by failing to file an appeal pursuant to Lewis's instructions.

On October 31, 2007, the court conditionally filed the § 2255 motion and advised Lewis that his motion appeared to be untimely and directed him to submit any additional arguments or evidence concerning the timeliness of his motion. Lewis responded on November 19, 2007, alleging that he had delivered the motion to prison authorities on February 6, 2006. He alleged that after many months went by and he had heard nothing about the progress of his § 2255 case, he had requested that his mother call the court. The clerk informed her that the court had never received the § 2255 motion. Thereafter, in October 2007, Lewis instructed his mother to mail a copy of the § 2255 motion to the court.

On December 3, 2007, the court again directed Lewis to submit additional information in the form of an affidavit explaining specifically (a) when he discovered that his § 2255 motion had not been received by the court; (b) when he asked his mother to inquire whether this court had received his § 2255 motion; and (c) why he waited more than a year and a half to submit another copy of that motion. He was also asked to supply any additional information or documentation concerning

timeliness. Lewis responded on December 17, 2007, but failed to address any of the court's directives except that he noted that he had discovered that his motion had not been received by the court on October 23, 2007, when his mother relayed the clerk's information.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;[2]

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] A defendant's conviction becomes final (a) when the defendant's opportunity to appeal the district court's judgment expires; (b) when the defendant's opportunity to file a petition for a writ of certiorari expires; or (c) when the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 525 (2003).

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 para 6. If the district court gives a petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (habeas petition); *United States v. Sexton*, 56 F. App'x 202 (4th Cir. 2003) (unpublished) (applying *Hill* to § 2255 motion).

A pro se inmate is entitled to the benefit of the so-called prison mailbox rule, under which the court regards a petition or motion as having been filed when delivered to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (finding that under appellate rule requiring habeas corpus appeals to be filed within thirty days, pro se prisoner's notice of appeal was filed at moment of delivery to prison authorities for mailing to district court). However, it is generally presumed that a piece of mail will be received by the addressee within a reasonable time after mailing, "equivalent to that normally required for a letter to pass through the mail." *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 916-17 (E.D. Va. 2004) (noting a presumption that a notice of judgment will be received within a reasonable time of between three and seven days after mailing). Thus, when

- 4 -

a court does not receive a pleading within a reasonable time after the date upon which an inmate claims to have mailed it, it is appropriate to require independent proof of the mailing date, such as mail logs, prison trust fund records, or receipts for postage, before giving the inmate the benefit of the prison mailbox rule.[3]

Equitable tolling of the § 2255 filing deadline is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of

---

[3] *See Smallwood v. Young*, 425 F. Supp. 2d 717, 727 (E.D. Va. 2006) (finding defendant's notice of appeal to be timely filed but noting the importance of the prisoner's detailed evidence he provided and stating that "[i]t is important to note that the result reached rests on the proof that Smallwood has adduced showing that he timely mailed a notice of appeal to the Northampton County Circuit Court. A different result might well have obtained had Smallwood's contention that he mailed a notice of appeal on May 4, 2004, been disputed and had it rested solely on an assertion supported by less compelling evidence"); *Panzarino v. Phillips*, No. 03 Civ. 2535, 2004 WL 99868, at *10 (S.D.N.Y. Jan. 22, 2004) (finding § 2254 petition timely filed when petition was dated May 13, 2002, but was not received by the court until December 13, 2002, subsequent to the expiration of the statute of limitations; petitioner submitted an affirmation stating that he mailed his petition on November 9, 2002 and attached a copy of the disbursement form from his inmate account reflecting that the postage was paid on November 9, 2002).

knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. *See Harris*, 209 F.3d at 330.

III

Under these principles, I find that this action is untimely because it was not filed within the one-year limitations period. Ordinarily, the prison mailbox rule would apply to save Lewis's untimely motion. However, because the § 2255 motion was not received within a reasonable time period after the alleged February 2006 mailing date, I cannot assume that it was delivered to prison authorities on that date without evidentiary proof. I have requested that Lewis provide such proof on two occasions and he has failed to do so. Lewis merely alleges that he gave his motion to prison officials on February 6, 2006, exactly one day less than one year from the date of his sentencing, but fails to provide the court with any other evidence. Moreover, I find that both Lewis's failure to raise this claim until well after the statutory deadline and the extraordinarily late date when he finally filed a copy of the

motion with the court, cast further doubt on his suggestion that prison officials delayed or prevented the mailing of the petition.[4]

Furthermore, I find no ground warranting invocation of equitable tolling. Conclusory allegations may be insufficient to support a claim that equitable tolling is appropriate. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1292-93 (11th Cir. 2002) (holding that the district court did not abuse its discretion in denying an evidentiary hearing on equitable tolling when the petitioner only presented conclusory allegations, without supporting evidence, to support his claim); *Washington v. Ollison*, No. C 06-4490 SI (pr), 2007 WL 1378013, at *3-4 (N.D. Cal. May 9, 2007) (finding § 2254 motion timely filed because petitioner presented the court with prison mail logs and inmate trust account statements concerning postage, but noting that the "they lost my mail" argument normally does not succeed and warrant equitable tolling); *Lohr v. United States*, 336 F. Supp. 2d 930 (D. Minn. 2004) (finding that equitable tolling was not appropriate where inmate alleged that prison officials shredded his petition instead of mailing it, but failed to provide any factual support).

---

[4] The court docket shows that the defendant sent two letters to the court from prison after his sentencing. One letter was received June 7, 2005, and the other letter, dated October 11, 2005, was received by the court on October 19, 2005. Both letters do indicate that he was contemplating filing a motion under § 2255. However, I do not find these letters to be sufficient corroboration that he submitted a § 2255 motion in February of 2006. Moreover, they show that his correspondence from prison was in fact transmitted to the court by prison authorities.

- 7 -

In addition, I note that Lewis fails to demonstrate in any of his responses to the court that he acted with reasonable diligence during the period of delay. *Pace*, 544 U.S. at 417; *Rouse*, 339 F.3d at 246. The court provided Lewis with two opportunities to justify why he waited more than a year and a half to inquire with the court about the status of his motion and to mail in another copy of that motion, and Lewis failed to provide any explanation. Accordingly, I find that Lewis fails to establish extraordinary circumstances invoking equitable tolling.

IV

For these reasons, I find no ground upon which the § 2255 motion might be deemed timely filed or on which Lewis is entitled to equitable tolling. Accordingly, I will dismiss the motion.

A separate Final Order will be entered herewith.

ENTER: January 21, 2008

/s/ JAMES P. JONES
Chief United States District Judge